UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLINDA HANNAH, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 17-cv-5571 |
| v. ) | |
| ) | |
| CAVALRY SPV I, LLC and ) | |
| LAW OFFICES OF ) | |
| KEITH S. SHINLDER, LTD. ) | |
| d/b/a SHINDLER & JOYCE, ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Shirlinda Hannah, by and through her attorneys, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to the Defendants conduct and that is likely to be redressed by a favorable decision in this matter.

1

4. Specifically, Plaintiff suffered a concrete injury as a result of the Defendants attempt to collect money from Plaintiff that she did not owe and filing suit against Plaintiff for an inflated amount. This caused Plaintiff distress and confusion and caused her time and expense in hiring legal counsel.

## PARTIES

5. Plaintiff, Shirlinda Hannah, is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted GE Capital Retail Bank/Care Credit consumer credit account. Ms. Hannah is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because its principal purpose is regularly using the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

7. Defendant Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant Cavalry is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. In fact, Defendant Cavalry conducts extensive and substantial business in Illinois.

9. Defendant Cavalry is licensed as a debt collection agency in the State of Illinois.

10. Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

11. Defendant, Law Offices of Keith S. Shindler, Ltd. d/b/a Shindler & Joyce, ("Shindler"), is an Illinois professional corporation with its principal place of business at 1990 E. Algonquin Road, Schaumburg, IL 60173. It does or transacts business in Illinois. Its registered agent is Keith S. Shindler who can be found at 1990 E. Algonquin Road, Schaumburg, IL 60173.

12. Shindler is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

13. Shindler regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14. According to Defendants, Plaintiff incurred a debt for goods and services used for personal and household purposes, originally for a GE Capital Retail Bank/Care Credit consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

15. The Defendants have alleged that Plaintiff did not pay the account, and that it went into default.

16. On December 22, 2014, GE Capital Retail Bank/Care Credit reported the account as having a "Charge Off Amount" of $1,394. (Exhibit A, Excerpt of Credit Report).

17. GE Capital Retail Bank/Care Credit ceased charging interest or other fees after the charge off and did not have any right to collect interest or other fees after the amount was charged off.

18. Cavalry claims to have purchased the alleged debt sometime after it had entered default.

19. Cavalry subsequently hired the law firm of Shindler & Joyce to attempt to collect the alleged debt.

20. On or about May 9, 2017, Shindler filed a complaint on behalf of Cavalry against Plaintiff to collect the alleged debt, styled *Cavalry SPV I, LLC v. Shirlinda Hannah*, Case No. 17-M1-109718, in the Circuit Court of Cook County, First Municipal District ("State Action"). (Exhibit B, State Court Complaint).

21. Cavalry's State Court Complaint conveys information regarding the alleged debt directly to Plaintiff, including the purported identity of the original creditor, an account number, and the balance that Cavalry claimed was owed on the alleged debt.

22. Cavalry's Complaint sought $3,211.33 plus court costs from Plaintiff.

23. Cavalry's Complaint is a communication as that term is defined at § 1692a(2) of the FDCPA.

24. On or about May 9, 2017, Cavalry claims that Plaintiff was served with the Complaint by the Sheriff's Office of Cook County, Illinois.

25. The complaint included an affidavit executed by Yahaira Rodriguez, an employee of Cavalry.

26. Rodriguez was authorized to act on behalf of Cavalry to attempt to collect the alleged debt from Plaintiff at the time she prepared and signed the affidavit attached to the state court complaint.

27. Rodriguez attested in her affidavit, executed March 15, 2017, that Plaintiff owed a balance of $3,211.33 to Cavalry.

4

28. This statement was false because Cavalry had not right to collect $3,221.33 since the charge off amount was $1,394 and neither the original creditor nor Cavalry had any right to collect interest or other charges in excess of that amount, since they had waived any right to collect interest on the alleged debt.

29. In March, 2017 Cavalry attempted to collect an additional $1,817 on the alleged debt above the original amount, since Plaintiff did not, and does not, owe $3,221.33 to Cavalry.

30. Cavalry had no statutory or contractual authority to attempt to collect an additional $1,817 in fees or interest on the alleged debt above the original amount.

31. In fact, Cavalry had no statutory or contractual authority to attempt to collect any additional fees or interest from Plaintiff.

32. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ***
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

33. Cavalry unfairly attempted to collect an amount not expressly authorized by law when it inflated the amount of the alleged debt it attempted to collect from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

34. Cavalry attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when it attempted to collect an additional $1,817 in interest and fees from Plaintiff when it had no contractual or statutory right to do so.

35. 15 U.S.C. §1692e of the FDCPA provides as follows:

5

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **\* \* \***
>
> **…(2) The false representation of—**
> **(A) the character, amount, or legal status of any debt. . . .**

36. By falsely communicating the amount of the debt it was attempting to collect from Plaintiff, Cavalry made materially false, deceptive and misleading statements in violation of §§ 1692e and 1692e(2) of the FDCPA.

37. Plaintiff was confused, and an unsophisticated consumer would be confused, by the Defendants attempts to collect varying amounts on the alleged debt.

38. Plaintiff disputes the validity of indebtedness as alleged in the State Action and as communicated by Cavalry to the consumer reporting agencies.

39. Defendants collection communications are to be interpreted under the "unsophisticated consumer" standard. (See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

## **COUNT I- FAIR DEBT COLLECTION PRACTICES ACT**

40. Plaintiff re-alleges the preceding paragraphs as if set forth fully in this count.

41. Cavalry and Shindler attempted to collect an amount not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when it inflated the amount of the debt it attempted to collect from Plaintiff without statutory or contractual authority to do so.

42. Cavalry and Shindler made materially false statements, in violation of 15 U.S.C. §§ 1692e and 1692e(2), when it communicated a false balance to Plaintiff.

6

43. Plaintiff was damaged as a result of Defendants violations of the FDCPA, as Defendants' attempt to collect an inflated balance caused Plaintiff distress, fear, confusion and caused her to seek additional legal help at her own expense.

44. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor against Defendants for the count alleged above for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Thompson
THE THOMPSON LAW FIRM, P.C.
20 N. Clark St., Suite 3100
Chicago, IL 60602
Ph: (312) 300-4167
Fx: (312) 340-5712
bryan@bryanthompsonlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys